# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 214 | **DATE** | November 19, 2004 |
| **CASE TITLE** | *United States of America v. Namroud* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court GRANTS the Namrouds' joint motion: (A) for immediate disclosure of favorable evidence; (B) for production of Rule 404(b) material; (C) to preserve agents' rough notes and logs; and (D) for early return of trial subpoena. It is so ordered..

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 23 2004 date docketed | 42 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office   mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 04 CR 0214 |
| GLORIA NAMROUD and EDWARD ) | |
| NAMROUD ) | |

DOCKETED
NOV 2 3 2004

## MEMORANDUM AND ORDER

On February 26, 2004, a federal grand jury returned a one-count indictment alleging that Defendants Gloria and Edward Namroud ("the Namrouds") conspired with each other and others to defraud State Farm Insurance Company by submitting false automobile accident claims, in violation of 18 U.S.C. §§ 1341 and 2.[1]

The present matter comes before the Court on the Namrouds' joint motion: (A) for immediate disclosure of favorable evidence; (B) for production of Rule 404(b) material; (C) to preserve agents' rough notes and logs; and (D) for early return of trial subpoena. The Court will address each of these motions in turn.

### A. Motion Production of Favorable Evidence

The Namrouds seek disclosure of all evidence that "is favorable to the defendants and is material to the issues of defendants' guilt, innocence, or sentencing, or which bears upon the credibility of a government witness." The motion also lists a litany of specific evidence which the Namroud seek from the Government.

The Government acknowledges its continuing obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and to the extent it has not

---

[1] The trial in this case is currently set for December 6, 2004.

already done so, proposes to produce all known evidence that is both favorable to the Namrouds and material to the issues of guilt, innocence or sentencing or which bears upon the credibility of the Government's witnesses. As for the specific evidence requested in the motion, the Government contends that it does not possess any of this information.

Accordingly, the motion for the disclosure of all exculpatory and impeaching evidence is GRANTED.

### B. Motion for Production of Other Crimes, Wrongs, and Acts Evidence

The Namrouds also seek production of other crimes, wrongs, or acts evidence under Federal Rule of Evidence 404(b), which prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he likely acted in conformity therewith on a particular occasion. Fed. R. Evid. 404(b). The purported rationale for the exclusion of evidence of other crimes, wrongs, or acts is that such evidence is of slight probative value and tends to distract the trier of fact from the facts at issue. United States v. Smith, 103 F.3d 600, 602 (7th Cir. 1996). This evidence may be admissible, however, for any other relevant purpose including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Id.

Federal Rule of Evidence 404(b) requires that the Government in a criminal case, upon request of an accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen Rep. No. 93-1277. This rule does not, however, provide for

unbridled discovery and, to that end, the Government need only "apprise the defense of the general nature of the evidence of extrinsic acts." Id.

Here, the Government acknowledges its obligations under Rule 404(b) but states that "at this time," it "does not intend to introduce any" Rule 404(b) evidence. If, its position changes, the Government will turn over such material before trial. Because the trial is set for December 6, 2004, the Court finds that any such 404(b) material, to the extent it exists, should be immediately turned over to the defense. Accordingly, the Court GRANTS the Motion for Production of 404(b) Material.

### C. Motion to Preserve Agents' Rough Notes and Logs

Because the Government has no objections to the Namrouds' Motion to Preserve Agents' Rough Notes and Logs, the Court GRANTS this motion.

### D. Motion for Early Return of Trial Subpoenas

In their final motion, the Namrouds seek early return of trial subpoenas. The Government has no objection to this motion. The Court thus GRANTS this motion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Namrouds' joint motion:

(A) for immediate disclosure of favorable evidence; (B) for production of Rule 404(b) material; (C) to preserve agents' rough notes and logs; and (D) for early return of trial subpoena.

It is so ordered.

**ENTER:**

**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: 11-19-04